# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMMIZABAD JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-733-NCC |
| ST. LOUIS CITY JUSTICE CENTER DEPARTMENT, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Ammizabad Johnson's filing of an amended complaint. For the reasons discussed below, the Court will dismiss plaintiff's amended complaint on initial review for failure to state a claim upon which relief may be granted.[1]

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail,

---

[1] On October 21, 2021, the Court granted plaintiff's application to proceed in the district court without prepayment of fees or costs and ordered him to file an amended complaint. *See* ECF No. 6.

the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging officials at the St. Louis City Justice Center ("Justice Center") have deprived him of his legal mail and other property. Initially plaintiff filed this action naming as his only defendant the Justice Center in its official capacity. Plaintiff alleged that on January 1, 2021, officers at the Justice Center "didn't want to give me my legal mail so I can study my case. They kept refusing me my paperwork and telling me they didn't have it."

Because the Justice Center is not a legal entity amenable to suit, on initial review the Court dismissed the Justice Center. But the Court allowed plaintiff to file an amended complaint because it found plaintiff might have a plausible claim against particular prison officials for violating his constitutional rights to receive legal mail or access the courts. At issue was whether plaintiff was intentionally prohibited from receiving legal mail by a particular official at the Justice Center. On November 15, 2021, plaintiff filed his amended complaint naming as defendants two prison officials, Ms. Brim and Ms. Price in their official capacities.

## The Amended Complaint

For his amended complaint, plaintiff alleges that Ms. Brim "failed to go pick up the legal mail from property or contact anybody about it just blamed it on CJC [City Justice Center] when at MSI [Medium Security Institution] facility." As for his allegations against Ms. Price, plaintiff states that she failed to investigate his informal resolution request.[2]

Plaintiff alleges he suffers paranoia, depression, and anxiety as a result of defendants' actions. For relief, he seeks $250,000 in monetary damages.

## Discussion

Plaintiff's amended complaint is subject to dismissal on initial review pursuant to 28 U.S.C. § 1915(e)(2). As a threshold issue, plaintiff cannot state a claim against Justice Center employees in their official capacities. Assuming plaintiff would amend his complaint to state claims against defendants in their individual capacities, however; the complaint still fails as a matter of law because it seeks damages only for infliction of psychological pain. Finally, liberally construed, plaintiff's allegations allege only an isolated incident of lost mail without alleging any

---

[2] Page eleven of plaintiff's amended complaint appears to be a copy of the informal resolution request ("IRR") plaintiff filed with the Justice Center on February 9, 2021.

improper motive on the part of the prison staff. Such allegations do not give rise to constitutional violations.

Plaintiff brings his amended complaint against defendants in their official capacities only. In its prior memorandum and order, the Court cautioned plaintiff that "[t]he failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant." *See* ECF No. 6. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

To the extent plaintiff might seek to amend his complaint to state a claim against defendants in their individual capacities, the Prison Litigation Reform Act ("PLRA") bars this claim. The PLRA states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff does not allege any physical injury as a result of defendants' actions. Without physical injury, plaintiff cannot seek redress for mental or emotional injuries. *See Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir. 2012).

Additionally, plaintiff has not alleged any intentional deprivation on the part of defendants. Plaintiff has stated that the loss of his property occurred after a prison riot at the Justice Center on January 1, 2021. Plaintiff's loss of property occurred at some point during his transfer to the MSI

and back to the Justice Center after the riot. Based on his allegations, the Court does not find any conduct of defendants to arise to an intentionally inflicted harm. "[M]ere negligence does not violate the Eighth Amendment." *Standish v. Bommel*, 82 F.3d 190, 191 (8th Cir. 1996). The Supreme Court has stated that "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (emphasis in original) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Accordingly, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original).

Finally, to the extent plaintiff seeks to pursue legal remedies, he may file an action in replevin in Missouri state court. "When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004). Missouri provides such an adequate postdeprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01. *See also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law).

For the foregoing reasons, on initial review under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's amended complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

An order of dismissal will accompany this memorandum and order.

Dated this 7th day of March, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE